E. F. W. Wildermuth, Appellant, v. Kenneth T. Newcomb, Respondent. (Action No. 1.) E. F. W. Wildermuth, Appellant, v. Kenneth T. Newcomb, Respondent. (Action No. 2.) — Consolidated appeals. Two actions to recover for legal services rendered as necessaries in opposing an application to modify a decree of divorce so as to change custody of an infant from the mother to the father. Order on reargument granting defendant's motion to dismiss the complaint in the "First Action" and order granting defendant's motion to dismiss the complaint in the "Second Action" unanimously affirmed, with one bill of $10 costs and disbursements. No opinion. Present — Carswell, Acting P. J., Johnston, Adel and MacCrate, JJ.; Schmidt, J., not voting. [See post, p. 835.]

Charles V. Williams, Appellant, v. Edward C. Williams, Defendant, and Charles A. Williams et al., Respondents.— In an action to impress a trust on real property, judgment dismissing the complaint reversed on the law and action remitted to the court at Special Term for a proper decision, pursuant to section 440 of the Civil Practice Act. The conclusion of the trial court that it was of opinion that the plaintiff had not made out a case is insufficient to enable us to determine what facts the trial court deemed essential or the allegations of the complaint as to which the trial court concluded the plaintiff had not sustained the burden of proof. (Mario v. De Oteris, 275 App. Div. 790; Hartman v. Hartman, 279 App. Div. 606.) Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

Sala Zwick, Respondent, v. City of New York et al., Appellants.— In a negligence action, judgment for plaintiff reversed on the facts and new trial granted, with costs to appellants to abide the event, unless within ten days after the entry of an order hereon, respondent stipulate that the verdict in her favor be reduced to $5,000, in which event the judgment as so reduced is affirmed, without costs. The amount of the verdict is excessive and against the weight of the evidence. The credible evidence establishes that in or about 1943 the plaintiff sustained a cerebral hemorrhage on the left side which resulted in paralysis or weakness of the right side of her body. She improved thereafter, but her blood pressure remained abnormally high. Partial paralysis of the right side recurred after the accident on February 9, 1950. She improved thereafter and in July, 1950, the paralysis was gone. It reappeared thereafter and was present at the time of her examination by a neurologist in June, 1951, and persisted to the time of trial. Nolan, P. J., Carswell, Adel, MacCrate and Schmidt, JJ., concur.